UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LLOYD A. GELWAN,<br>  Plaintiff, | )<br>)<br>) |
| v. | )   Case No. 3:23-cv-30079-MGM |
| | ) |
| HENRY E. BARTLETT d/b/a<br>BARTLETT CONSTRUCTION<br>  Defendants. | )<br>)<br>)<br>) |

**MEMORANDUM AND ORDER CONCERNING PLAINTIFF'S MOTION FOR LEAVE TO DESIGNATE EXPERT REBUTTAL TESTIMONY**
(Dkt. No. 69)

Plaintiff Lloyd A. Gelwan ("Plaintiff"), an attorney who is not admitted to practice in this court and is therefore self-represented in this action,[1] filed suit against Defendant Henry E. Bartlett ("Defendant") alleging that Defendant, in breach of his contractual obligations and by his negligence, caused water damage to Plaintiff's vacation home in Monterey. Plaintiff failed to serve expert disclosures in compliance with the court's scheduling order. Finding that Plaintiff had not shown good cause for this delay in a case in which he has repeatedly failed to cooperate in discovery, the court declined to extend the deadline for Plaintiff to serve expert disclosures. Now before the court is Plaintiff's Motion for Leave to Designate Expert Rebuttal Testimony ("Plaintiff's Rebuttal Expert Motion") (Dkt. No. 69). For the reasons set forth below, the court DENIES Plaintiff's Rebuttal Expert Motion.

  I.  <u>Relevant Background</u>

On or around August 31, 2019, Plaintiff discovered damage to his home allegedly caused by Defendant (Compl. ¶ 12). Plaintiff filed suit against Defendant in the Supreme Court of the

---

[1] Plaintiff is a member of the New York bar.

1

State of New York on February 28, 2021. On July 29, 2022, that case was dismissed for lack of jurisdiction. Plaintiff filed his federal court complaint on July 25, 2023 (Dkt. No. 1). On September 21, 2023, the presiding district judge held an initial scheduling conference and, as relevant here, entered a scheduling order setting deadlines of October 23, 2023 for the exchange of initial disclosures; October 30, 2023 for Defendant's inspection of Plaintiff's property; December 14, 2023 for service of requests for production of documents, interrogatories, and inspection requests and February 7, 2024 for responses and objections to those requests; April 25, 2024 for Plaintiff's disclosure of expert witnesses and related information; and May 22, 2024 for Defendant's disclosure of expert witnesses and related information (Dkt. No. 22). On March 8, 2024, Plaintiff filed a motion for an extension of the scheduling order entered by the presiding District Judge (Dkt. No. 25), which this court denied without prejudice based on Plaintiff's failure to certify compliance with Local Rule 7.1, which require Plaintiff to certify that he had attempted in good faith to narrow areas of disagreement prior to filing his motion with the court (Dkt. No. 26). Plaintiff filed a letter asserting that he had certified compliance with Local Rule 7.1 (Dkt. No. 27) and, after Defendant filed an opposition to Plaintiff's motion to extend the scheduling order deadlines, a subsequent motion for leave to file a reply in support of his motion to extend the scheduling order deadlines (Dkt. No. 29). The court granted Plaintiff's motion for leave to file a reply (Dkt. No. 43) and heard argument from Plaintiff on his extension request on December 18, 2024.

    The court entered an electronic order on December 30, 2024, reaffirming its ruling that Plaintiff had failed to comply with his obligation to confer in good faith with opposing counsel before seeking lengthy extensions to discovery deadlines related to events that had occurred in 2018 and 2019, noting, among other factors, that non-expert discovery was supposed to have

been substantially completed before Plaintiff sought to extend discovery deadlines. In response to so much of Plaintiff's extension request as was addressed to expert disclosures, the court noted that Plaintiff discovered the damage to his vacation home in August 2019, that he had had access to the premises at all times since he discovered the damage, and that he had not offered any explanation for why, with more than four and a half years to locate an expert and afford that expert an opportunity to inspect the premises, he had not timely identified an expert witness to opine "concerning the causation and the extent of the damage allegedly attributable to Defendant's actions or inactions" (Dkt. No. 55, para. 3). Noting Plaintiff's repeated refusals to comply with requests to make the premises available for inspection by Defendant's expert, this court set a February 28, 2025, deadline for Plaintiff to make the property available for inspection by Defendant's expert and extended the time for Defendant to make its expert disclosures (Dkt. Nos. 53, 55). On April 8, 2025, Defendant filed a motion to extend the time to make his expert disclosures on the ground that, notwithstanding the deadline set by the court, Defendant's expert had not been permitted to inspect the premises until March 14, 2025 (Dkt. No. 61 at 1). Defendant served his expert disclosure on September 16, 2025 (Dkt. No. 64).

In response to Plaintiff's appeal of this court's rulings, the presiding district court judge held that "to the extent Plaintiff [sought] to lodge an objection to [this court's] discovery related orders, the court discern[ed] no abuse of discretion" and ordered Plaintiff to comply with the schedule established by this court (Dkt. No. 59).

    II.    Discussion

    A. Applicable legal principles

"Where a district court has established a[n expert] disclosure date, as in this case, a party must disclose the expert's identity at the ordered time." *Esposito v. Home Depot U.S.A., Inc.*,

3

590 F.3d 72, 77 (1st Cir. 2009) (citing Fed. R. Civ. P. 26(a)(2)(C)). An "initial [expert] disclosure deadline is for experts testifying for any party in support or a claim or defense as to which that party has the burden of proof, while the deadline for rebuttal expert witness disclosure is for the disclosure of experts to testify in support of claims or defenses as to which the other party carries the burden of proof." *Providence Piers, LLC v. SMM New England, Inc.*, C.A. No. 12-532S, 2016 WL 3397712, at *1 (D.R.I. Feb. 2, 2016). Fed. R. Civ. P. 26(D) (ii) provides that "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), a party may disclose an expert report within 30 days after the other party's disclosure." "'The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party.'" *Clear-View Techs., Inc. v. Rasnick*, Case No. 13-cv-02744-BLF, 2015 WL 3509384, at *2 (N.D. Cal. June 3, 2015). "If the rebuttal expert's testimony is offered, however, to 'contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything close to one.'" *Id.* (quoting *Amos v. Makita U.S.A.*, No. 2:09-cv-01304-GMN-RJJ, 2011 WL 43092, at *2 (D. Nev. Jan. 6, 2011)). "The rebuttal date is not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Amos*, 2011 WL 43092, at *2 (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996).

    If a party fails to make a timely expert disclosure, that party is not allowed "to use that witness or relevant expert information 'to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Esposito*, 590 F.3d at 77 (quoting Fed. R. Civ. P. 37(c)(1)). "Preclusion, however, 'is not a strictly mechanical exercise.'" *Id.*

4

(quoting *Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este*, 456 F.3d 272, 276 (1st Cir. 2006)). Factors a court should consider before precluding expert evidence include:

> (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects – e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket.

*Id.* at 78 (citing *Santiago-Diaz*, 456 F.3d at 276-77; *Macaulay v. Anas*, 321 F.3d 45, 51 (1st Cir. 2003)).

    B. Curt M. Freedman's Report is not a proper rebuttal report and relies on evidence that Plaintiff failed and refused to produce in violation of Fed. R. Civ. P. 37.

Plaintiff seeks leave to rely on a purported rebuttal expert report prepared by Curt M. Freedman ("the Freedman Report"), a copy of which is filed with the court at docket entry 70-1. Defendant opposes Plaintiff's Rebuttal Expert Motion on the grounds that the Freedman Report is not a proper rebuttal report, that even this disclosure by Plaintiff was untimely under Fed. R. Civ. P. 26(a)(2)(D)(ii), which requires rebuttal expert disclosure within 30 days after service of Defendant's expert disclosure, and that the Freedman Report relies on material Plaintiff failed and refused to produce to Defendant. The court finds that, under the principles set forth above, the Freeman Report is not a proper rebuttal report, and that the factors set forth in *Esposito* warrant preclusion.

Plaintiff seeks to recover for water damage to his property that he alleges Defendant caused by his negligence in winterizing the property (Dkt. No. 70 at 3). Plaintiff indisputably bears the burden of proof on causation and the measure of damages recoverable for alleged negligent damage to property. *See Jorgensen v. Mass. Port Auth.*, 905 F.2d 515, 522-23 (1st Cir. 1990) (stating that, under Massachusetts law, proximate cause requires a showing by a plaintiff

that the loss for which the plaintiff seeks recovery was, first, a foreseeable consequence of the defendant's negligence; second, that the defendant's negligence was a but-for cause of the loss; and third, that the defendant's negligence was a substantial factor in bringing about the loss); *Brown v. United* States, 230 F. Supp. 774, 776 (D. Mass. 1964); *Mass. Port Auth. v. Sciaba Constr. Corp.*, 766 N.E.2d 118, 124 (Mass. App. Ct. 2002). The Freedman Report, while phrased as a response to findings in Defendant's expert report, is squarely aimed at establishing that Defendant's negligence was the cause of water damage to the premises. The Freedman Report concludes that the:

> pipes should have been drained and blown with a compressor, and the well pump should have had its power disabled. [Defendant] failed to drain, blow out the pipes with compressed air, secure the power disconnect with tape or a locking device, and in summary failed to winterize the plumbing system throughout the home in ways that are consistent with good engineering practice, or accepted industry standards.

(Dkt. No. 70-1 at 25). Freedman's conclusions about the cause of the damages to Plaintiff's property are not dependent on the opinions of Defendant's expert. Where Plaintiff indisputably bears the burden of proof on causation, Freedman's conclusions about the cause of the damage to Plaintiff's property were required to be disclosed in an initial expert report. *See, e.g., Providence Piers, LLC*, 2016 WL 3397712, at *1. "Merely because [Freedman] organized his report in reference to points made in [Defendant's expert's report] does not, in this context, compel the conclusion that his report is a proper rebuttal report …." *Century Indem. Co. v. Marine Grp., LLC*, No. 3:08-cv-1375-AC, 2015 WL 5521986, at *4 (D. Or. Sept. 16, 2015).

Implicitly anticipating this finding, Plaintiff contends that Defendant's expert report advances a new theory of defense that Plaintiff could not have anticipated. This contention is wholly unpersuasive. First and most importantly, the record shows that Plaintiff, "an experienced New York attorney who is clearly skilled in litigation strategy and practice,"

6

*Gelwan v. Hyson*, 201 N.Y.S.3d 847, at *5 (N.Y. Super. May 1, 2023) (unreported), anticipated a need for Freedman's evidence long before he reviewed Defendant's expert report. Defendant's expert inspected the premises on March 14, 2025 (Dkt. No. 64 at 3). Defendant served his expert report September 16, 2025 (Dkt. Nos. 64 & 64-1). Freedman made his first visit to the premises as a potential expert *on May 14, 2024* (Dkt. No. 70-1 at 4). Plaintiff fails to offer *any* explanation for why, if his need for expert testimony only arose in response to Defendant's September 16, 2025 expert report, Plaintiff arranged for Freedman, his so-called rebuttal expert, to visit the premises on some *ten* months before he provided such access to Defendant's expert and some *sixteen* months before Defendant served his expert report. This sequence of events gives rise to an inference of impermissible gamesmanship on Plaintiff's part.

Second, the Freedman Report relies on material Plaintiff failed to produce to Defendants. On April 8, 2024, Defendant moved to dismiss Plaintiff's complaint based on Plaintiff's continuing failure to produce discovery responses (Dkt. No.30).[2] Among other items that Plaintiff failed to produce, Defendant identified photographs of the damage to the premises that Plaintiff represented he had in his possession but which he refused to produce on the untenable ground that he had previously provided the photographs to parties and attorneys prior to his filing of the instant action (Dkt. No. 31 at 16). As Defendant rightly noted, it was no excuse to Plaintiff's production obligations that some of Defendant's discovery requests in the instant

---

[2] Defendant's motion to dismiss was referred to this court for Report and Recommendation (Dkt. No. 47). The undersigned recommended denying the motion to dismiss (Dkt. No. 54). The presiding district court judge court adopted the Report and Recommendation in full (Dkt. No. 59). In the Report and Recommendation, this court stated that "[n]otwithstanding Plaintiff's protestations, Plaintiff's own submissions establish that he has been very tardy in complying with his obligation to produce copies of documents in his possession, custody, or control responsive to Defendant's document production requests – as opposed to representing that he would produce them – and has failed to cooperate in making his property available for inspection within the deadline set by the court" (Dkt. No. 54 at 3).

7

action were duplicative of discovery requests served by a party in a different, albeit related case, through different counsel (Dkt. No. 31 at 16-17 (citing *In re E.J. Sciaba Contracting Co.*, Bankruptcy No. 03-20344-RS, 2006 WL 217980, at *2 (Bankr. Mass. Jan. 17, 2006)). "[A] responding party is required to produce documents in [his] possession, custody, or control regardless of whether the requesting party is already in possession of the requested documents." *Puerto Rico Med. Emergency Grp., Inc. v. Inglesia Episcopal Puertorriqueña, Inc.*, 318 F.R.D. 224, 230 (D.P.R. 2016) (collecting cases). The Freedman Report relies on these photographs, which Plaintiff has failed and refused to produce, as support for Freedman's opinions about causation (Dkt. No. 70-1 at 6, 10, 12, 15, 16). In Defendant's opposition to Plaintiff's Expert Rebuttal Motion, Defendant represents that Plaintiff has never produced these photographs in the instant action (Dkt. No. 72 at 5-6), which Plaintiff obviously possessed since he provided copies of them to Freedman. Plaintiff's failure to produce copies of these photographs is a violation of this court's December 18, 2024 order, which required Plaintiff to produce all documents responsive to Defendant's document requests that he had not previously produced by no later than January 27, 2025 (Dkt. Nos. 53, 55). "When a party fails to produce discovery as required, his opponent may move to strike references to the undisclosed discovery based on Federal Rule of Civil Procedure 37." *ASUS Comput. Int'l v. Round Rock Research, LLC*, Case No. 12-cv-02099 JST (NC), 2014 WL 1463609, at *6 (N.D. Cal. 2014). Plaintiff has never shown that he was entitled on any basis to withhold production of photographs of the damage to his residence that, according to Freedman, were taken "less than two days after discovery of the damage, September 2, 2019" (Dkt. No. 70-1 at 6) and whose production Defendant requested repeatedly (Dkt. No. 72 at 5-6 & n.4). The Freedman Report should be stricken in toto because it relies on

8

documents that Plaintiff was required to produce to Defendant. *See id.; see also* Fed. R. Civ. P. 37(b)(2)(A)(ii).

Finally, the information on which Plaintiff purports to rely to show that Defendant has changed his theory of defense is based on statements Plaintiff alleges Defendant made to him that Plaintiff's submission does not show were adopted by Defendant. All that the court has in front of it on this point are *Plaintiff's* representations about Defendant's anticipated defense. Certainly, Plaintiff's submission does not persuasively support his contention of a fundamental shift in the defense of Plaintiff's claims (Dkt. No. 63). The court finds that this asserted basis for Plaintiff to file a so-called rebuttal expert report is not borne out by the record before the court.

C. The *Esposito* Factors Favor Preclusion

As to the *Esposito* factors, they all cut in favor of preclusion. *See Esposito*, 590 F.3d at 78. First, Plaintiff's conduct in discovery has been consistently dilatory and obstructionist. Second, according to Plaintiff, he does not require expert evidence to establish causation (Dkt. No. 70 at 3-4); thus, according to him, he does not require Freedman's evidence to prove the cause and extent of damage attributable to Defendant's alleged negligence.[3] Third, as is set forth herein, Plaintiff has not justified his failure to make a timely expert disclosure on causation, an issue on which he has the burden of proof. Fourth, Defendant will be prejudiced if Plaintiff is allowed to rely on the Freedman Report because the court has set a January 29, 2026 deadline for the filing of dispositive motions and Defendant would be prejudiced in responding to contentions that were not timely raised by Plaintiff. Fifth, Plaintiff's dilatory and obstructive conduct has

---

[3] This court's reference to Plaintiff's assertion that he does not require expert evidence to establish causation for the damage to his premises is not an endorsement or acceptance of Plaintiff's assertion. Whether Plaintiff can establish causation without expert evidence is a question reserved for a future decision by the court.

9

made undue demands on court resources and had adversely affected the court's ability to manage this case to resolution in a timely and efficient manner.

Plaintiff was obligated to timely serve an opening expert report in compliance with the court's scheduling order. With no legitimate excuse, he failed to do so. For the reasons set forth above, the Freedman Report is stricken from the record. Plaintiff may not rely on the Freedman Report or testimony, or other evidence from Freedman in any form in this litigation. *See, e.g., Harmony Biosciences, LLC v. Lupin Ltd.*, Civil Action No. 23-1286-JLH-SRF, 2025 WL 3059901, at **2-4 (D. Del. Oct. 27, 2025) (excluding purported expert reply report that addressed an issue on which plaintiff bore the burden of proof, and which should have been served an opening expert report); *Oracle Am., Inc. v. Google, Inc.*, No. C 10-03561 WHA, 2011 WL 5572835, at *3-4 (N.D. Cal. Nov. 15, 2011) (holding that the plaintiff was not entitled to submit expert reports on damages prepared by an expert who did not prepare an opening expert report on damages, a topic on which the plaintiff had the burden of proof).

III.   Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to Designate Expert Rebuttal Testimony (Dkt. No. 69) is DENIED.

It is so ordered.

Dated:                                                                 Katherine A. Robertson
                                                                       KATHERINE A. ROBERTSON
                                                                       U.S. MAGISTRATE JUDGE